# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| GRANT PARKER SHUMANS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:22-cv-62 |
| | * | |
| v. | * | |
| | * | |
| SATILLA RURAL ELECTRIC MEMBERSHIP, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Before the Court are Plaintiff's Objections to the Magistrate Judge's Order denying Plaintiff's motion to compel. Dkt. No. 25. Defendant filed a Response to Plaintiff's Objections. Dkt. No. 26. For the following reasons, the Court **OVERRULES** Plaintiff's Objections.

Plaintiff objects to the Magistrate Judge's March 27, 2023 Order and requests the District Judge conduct a de novo review of the matter. Dkt. No. 25 at 1. In the Order, the Magistrate Judge denied Plaintiff's motion to compel a Rule 26(f) conference because discovery deadlines are currently stayed pending resolution of Defendant's motion to dismiss. Dkt. No. 24.

When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, No. 4:12-CV-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

In his Objections, Plaintiff argues the March 27, 2023 Order is erroneous. Dkt. No. 25. Plaintiff asserts the pending motion to dismiss should have no bearing on whether Defendant has to attend a Rule 26(f) conference and, thus, the Magistrate Judge should have granted his Motion to Compel. Id. at 2.

After a review of the entirety of the record, it is clear the Order was not erroneous. As the Magistrate Judge explained, the discovery deadlines are stayed in this case pending resolution of the motion to dismiss. Dkt. No. 28. The Court stayed this case on September 26, 2022. Dkt. No. 18. This stay

also affects the deadline to hold the Rule 26(f) conference, since that is a discovery deadline. Id. at 3. Thus, the Magistrate Judge correctly concluded it would be inappropriate to compel defendants to attend a Rule 26(f) conference when discovery deadlines have been stayed.

Plaintiff also fails to show the Order was contrary to law. While Plaintiff cites Rule 26 and the accompanying advisory committee notes which state a Rule 26(f) conference should occur as soon as practicable, he does not point to any case law that shows it is improper to stay the discovery deadlines pending a potentially meritorious motion to dismiss. To the contrary, Eleventh Circuit case law supports staying discovery obligations while a meritorious motion to dismiss is pending. See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997)("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")). Since the stay is not contrary to law, it is also not contrary to law to determine the Court would not order Defendant to attend a Rule 26(f) conference with Plaintiff at this time.

3

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections. The Magistrate Judge's Order remains the Order of the Court.

**SO ORDERED**, this ____26____ day of ____April____, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA