# In the United States District Court for the Southern District of Georgia Brunswick Division

GRANT PARKER SHUMANS,

    Plaintiff,

v.

THE SATILLA RURAL ELECTRIC MEMBERSHIP,

    Defendant.

2:22-CV-62

## ORDER

Before the Court is Defendant Satilla Electric Membership Corporation's ("SEMC") motion to dismiss Plaintiff Grant Shuman's amended complaint. Dkt. No. 12; see also Dkt. Nos. 15, 17. Separately, Plaintiff has moved for appointment of counsel, dkt. no. 8-1 at 1, which the Court will also address in this Order.

### BACKGROUND[1]

Plaintiff alleges Defendant has "virtually trafficked and tortured" him. Dkt. No. 8-1 at 1. "In or around 2003, at the age of thirteen," David Shumans, M.D., Plaintiff's father, "implanted

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

[Plaintiff] with a device similar to the ones veterinarians use in animals." Id. at 4. In 2004, Dr. Ronald Mosley "implanted another torture device" in Plaintiff's mouth. Id. "In or around early 2003 to 2005," Dr. Shuman, Dr. Mosley, and SEMC "fraudulently enticed the Plaintiff and held him hostage . . . for an extended period of time." Id. at 7. Plaintiff alleges that SEMC is currently holding Plaintiff captive against his will. Id. at 8.

Plaintiff alleges "[SEMC] is using a rectifying transformer in a Y configuration that's in violation of approved [SEMC] transformer bank configurations." Id. at 2. "It converts AC current to DC current in a verifiable and provable manner." Id. "This illegal dark energy of 'Black Power' is remotely transmitted to the vet like control device" in Plaintiff's leg, and it "zaps [his] energy, implants the fear of speaking out, steals testosterone, gives [him] a less aggressive disposition, and creates the space in [his] head that dumbs [him] down." Id.; see also id. at 6. Plaintiff alleges SEMC "sexually molest[s] and rape[s him] every night t[h]rough power line communication 'PLC' and 'Landis' Meter 'rectifying transformers' and 'DC current' in or near [his h]ouse." Id. at 5. Plaintiff alleges SEMC "is continually torturing [Plaintiff] through [his] ear with ringing and base sounds or 'hearings' at [his] house and suck[s his] energy from [his] body to isolate [him] from society." Id. at 10.

Plaintiff alleges SEMC has reduced Plaintiff's ability to "enjoy bodily autonomy." Id. at 1. Plaintiff alleges SEMC "is colluding with multiple subscription services that are selling the tainted fruit of the poisonous tree while not even paying a fee." Id. at 3.

Plaintiff alleges SEMC "benefitted financially and/or received something of value from the exploitation, forced sexual services, and forced labor of the Plaintiff by the clients or their providers." Id. at 7. Specifically, Plaintiff says Defendant has "either benefited from policies or increased shareholder value for the energy cooperative" and has "personally and politically benefited from [Plaintiff's] unwarranted and illegal detainment." Id.

Plaintiff initiated this action on July 5, 2022. Dkt. No. 1. Therein, Plaintiff asserted he is entitled to a civil remedy under the Victims of Trafficking and Violence Protection Act of 2000 ("TVPA") and the Trafficking Victims Protection Reauthorization Act of 2003 ("TVPRA") for SEMC's violations of criminal statutes 18 U.S.C. § 1589 (forced labor), § 1590 (trafficking with respect to peonage, slavery, involuntary servitude, or forced labor), § 1591 (sex trafficking of children or by force, fraud, or coercion), § 1592 (unlawful conduct with respect to documents in furtherance of trafficking, peonage, slavery, involuntary

servitude, or forced labor), § 1593A (benefiting financially from peonage, slavery, and trafficking in persons), § 1594 (general provisions), and § 1595 (civil remedy); Plaintiff also asserted claims for intentional infliction of emotional distress, as well as for violations of his First, Fourth, and Thirteenth Amendment rights. Dkt. No. 1 at 3, 10.

SEMC filed a motion to dismiss the complaint, dkt. no. 5, but then Plaintiff amended his complaint, dkt. no. 8, mooting the motion to dismiss, dkt. no. 10. In the amended complaint, Plaintiff asserts the same claims contained in the original complaint, dkt. no. 8 at 3, and he seeks $55,000,000 in compensatory damages, dkt. no. 8 at 4, as well as punitive damages under the TVPA and TVPRA, dkt. no. 8-1 at 11.

Defendant SEMC has renewed its motion to dismiss, dkt. no. 12, asking the Court to dismiss Plaintiff's amended complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Discovery has been stayed pending resolution of the motion to dismiss. Dkt. Nos. 14, 18.

## LEGAL STANDARD

In order to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A facially plausible claim must allege facts that are more than merely possible." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations that are 'merely consistent with' a defendant's liability" fall short of being facially plausible. Id. (quoting Twombly, 550 U.S. at 557). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting Twombly, 550 U.S. at 556). "But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." Id. (citing Mamani v. Berzain, 654 F.3d 1148, 1153-54 (11th Cir. 2011)).

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."

Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

### I. Motion to Dismiss

Plaintiff's amended complaint does not "state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, and, therefore, does not meet the pleading requirements of Rule 8. The amended complaint is replete with conclusory allegations and legal conclusions which are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79. Indeed, Defendant SEMC pointed out such deficiencies in both its first and second motions to dismiss. Dkt. Nos. 5, 12.

Nevertheless, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam). Accordingly, the Court **DENIES** Defendant

6

SEMC's motion to dismiss, dkt. no. 12, at this time. Plaintiff is **ORDERED** to file a second amended complaint within **twenty (20) days** of the date of this Order. His failure to do so will result in dismissal of this action. Further, Plaintiff is warned that his failure to assert sufficient facts to state a claim for relief will result in dismissal of this case.

### II. Plaintiff's Motion to Appoint Counsel

To the extent Plaintiff requests, in his amended complaint, that the Court appoint counsel to represent him in this matter, see dkt. no. 8-1 at 1, his motion is **DENIED**.

Plaintiff has no constitutional right to the appointment of counsel in this civil case. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir.

1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)). The Court has reviewed the record in this case and finds no "exceptional circumstances" warranting the appointment of counsel.

## CONCLUSION

Defendant SEMC's motion to dismiss Plaintiff's amended complaint, dkt. no. 12, is **DENIED**. Plaintiff is **ORDERED** to file a second amended complaint, as directed above, within **twenty days** of the date of this Order. Additionally, Plaintiff's motion for appointment of counsel, dkt. no. 8-1 at 1, is **DENIED**.

**SO ORDERED** this 26 day of April, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA